FOR PUBLICATION

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRIAN WHITAKER, *Plaintiff-Appellant*, v. TESLA MOTORS, INC., a Delaware Corporation, *Defendant-Appellee*, and DOES, 1–10, *Defendant.* | No. 19-56497 D.C. No. 2:19-cv-06605-MWF-E OPINION |

Appeal from the United States District Court
for the Central District of California
Michael W. Fitzgerald, District Judge, Presiding

Argued and Submitted November 10, 2020
Pasadena, California

Filed January 25, 2021

Before:  Barrington D. Parker, Jr.,[*] Morgan Christen, and
Paul J. Watford, Circuit Judges.

Opinion by Judge Christen

## SUMMARY[**]

### Americans with Disabilities Act

The panel affirmed the district court's dismissal, for failure to state a claim, of an action under Title III of the Americans with Disabilities Act.

The panel held that plaintiff's allegations were not sufficient to satisfy the standards articulated by *Ashcroft v. Iqbal* and *Bell Atlantic Corp. v. Twombly*, which, taken together, require well-pleaded facts, not legal conclusions, that plausibly give rise to an entitlement to relief.  The panel concluded that plaintiff's complaint did not allege facts sufficient to support his ADA claim against Tesla, Inc., because the complaint primarily recited legal conclusions and did not put Tesla on notice of how its service counters prevented plaintiff from full and equal access to a Tesla dealership.

---

[*] The Honorable Barrington D. Parker, Jr., Senior United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

Addressing standing sua sponte, the panel held that plaintiff's allegations that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability, and that the barrier deters him from returning were sufficient to establish injury-in-fact for purposes of standing.

## COUNSEL

Russell Handy (argued) and Dennis Price, Center for Disability Access, San Diego, California, for Plaintiff-Appellant.

Rohit A. Sabnis (argued) and Arthur Gaus, Burnham Brown, Oakland, California, for Defendant-Appellee.

## OPINION

CHRISTEN, Circuit Judge:

Brian Whitaker appeals the district court's order granting Defendant Tesla Motors, Inc.'s (Tesla) motion to dismiss his complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.[1]  Specifically, Whitaker challenges the district court's determination that his allegations were not sufficient to satisfy the standards articulated by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  We affirm the district court's judgment.

---

[1] Tesla's brief states that its correct corporate name is Tesla, Inc.

I

Whitaker's complaint alleges that he is a quadriplegic who uses a wheelchair for mobility. Whitaker visits privately-owned businesses to determine whether their facilities comply with the standards set out in Title III of the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12181–12189. If a facility he visits is not in compliance, Whitaker files a complaint seeking injunctive relief to force the business to remedy the barriers he encountered. This appeal arises from one such lawsuit.

According to the complaint, Whitaker visited a Tesla dealership in Sherman Oaks, California in July of 2019 and encountered inaccessible service counters that denied him full and equal access to the Tesla dealership and "created difficulty and discomfort." The complaint further alleges that Tesla's continued failure to provide accessible service counters deters Whitaker from returning to the dealership. Whitaker alleges "on information and belief, that there are other violations and barriers on the site that relate to his disability."

Tesla moved to dismiss the complaint pursuant to Rule 12(b)(6) for failure to allege facts sufficient to satisfy the pleading standards set forth in *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. Tesla argued that Whitaker failed to allege how barriers at the dealership prevented Whitaker from accessing Tesla's facility, and which service counter or counters were actually deficient. The district court agreed and ruled that Whitaker's argument was "inconsistent" with *Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. The court did not describe an onerous or technical pleading standard; it observed that the necessary detail could have been shown

through allegations that "the counter was too high" or "not in a place that had wheelchair access." The district court granted Whitaker leave to amend, but after Whitaker declined to do so, Tesla moved for dismissal for failure to prosecute and the court dismissed the complaint with prejudice. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order granting Tesla's motion to dismiss.

II

We review de novo a district court's order granting a motion to dismiss for failure to state a claim. *Dunn v. Castro*, 621 F.3d 1196, 1198 (9th Cir. 2010).

III

A defendant may move to dismiss a claim for relief pursuant to Rule 12(b)(6) if the claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 8 requires that pleadings include "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* 8(a)(2). The claims in this case are that Tesla violated Title III of the ADA and the Unruh Act,[2] Cal. Civ. Code §§ 51–53.

"Congress enacted the ADA in 1990 to remedy widespread discrimination against disabled individuals." *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 674 (2001). The ADA defines discrimination to include both "obviously

---

[2] The Unruh Act is "coextensive with the ADA." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 731 (9th Cir. 2007) (citing Cal. Civ. Code § 51(f)). Thus, our analysis of Whitaker's ADA claim applies equally to his Unruh Act claim.

exclusionary conduct—such as a sign stating that persons with disabilities are unwelcome or an obstacle course leading to a store's entrance"—and conduct that is not-so-obvious—such as "difficult-to-navigate restrooms and hard-to-open doors." *Chapman v. Pier I Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc).

To meet its goal of removing barriers, Congress enacted Title III of the ADA to prohibit disability discrimination in the "full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation," 42 U.S.C. § 12182(a), with a nexus to interstate commerce, *id.* § 2000a(b). Title III requires the removal of "barriers . . . where such removal is readily achievable," *id.* § 12182(b)(2)(A)(iv), in places of public accommodation, including stores and businesses open to the public. *See* 28 C.F.R. § 36.304.

In *Twombly*, the Supreme Court considered the adequacy of a complaint alleging that defendants orchestrated an antitrust conspiracy in violation of the Sherman Act. 550 U.S. at 555. The Court observed that the complaint contained no factual allegations of an agreement as needed to establish a conspiracy. *Id.* at 564. Instead, the pleading rested on legal conclusions premised upon descriptions of parallel conduct. *Id.* *Twombly* held that Rule 8 requires plaintiffs to include enough facts "to raise a right to relief above a speculative level," and cautioned that "a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

The Supreme Court provided further clarification of the necessary pleading standard in *Iqbal*, where it considered a claim alleging that several high-ranking officials violated the

First and Fifth Amendments by purposefully instituting a policy of discrimination that resulted in plaintiff's incarceration at a facility where the conditions of confinement were inadequate. 556 U.S. at 668–69. *Iqbal* explained that "[t]wo working principles underlie" *Twombly*: (1) courts need not accept as true legal conclusions or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements;" and (2) only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss. *Id.* at 678–79. Because the complaint in *Iqbal* included only conclusory assertions of discrimination without factual allegations that plausibly gave rise to an entitlement of relief, the complaint was fatally defective. *Id.* at 679–80. The Court explained that plaintiff's allegation that officials "purposefully adopted" a policy of discrimination was inadequate because it lacked factual allegations that could "'nudg[e]' [his] claim of purposeful discrimination 'across the line from conceivable to plausible.'" *Id.* at 682–83 (quoting *Twombly*, 550 U.S. at 570).

Taken together, *Iqbal* and *Twombly* require well-pleaded facts, not legal conclusions, *Twombly*, 550 U.S. at 570, that "plausibly give rise to an entitlement to relief," *Iqbal*, 556 U.S. at 679. The plausibility of a pleading thus derives from its well-pleaded factual allegations. *Id.* Contrary to Whitaker's assertions, our case law reflects this Rule 8 standard. *See, e.g.*, *Eclectic Properties E., LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995–97 (9th Cir. 2014) ("Although a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable, plaintiffs must include sufficient factual enhancement to cross the line between possibility and plausibility." (internal

quotations and citations omitted)); *Landers v. Quality Comms., Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (applying *Iqbal* and *Twombly* to assess adequacy of Fair Labor Standards Act claim); *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) (describing common principles of pleading derived from *Iqbal* and *Twombly* and applying them to civil rights complaint); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 971–72 (9th Cir. 2009) ("The factual content contained within the complaint does not allow us to reasonably infer that the Agents ordered the relocation of Plaintiffs' demonstration because of its anti-Bush message, and it therefore fails to satisfy *Twombly* and *Iqbal*.").

Here, the district court correctly concluded Whitaker's complaint did not allege facts sufficient to support his ADA claim because the complaint primarily recited legal conclusions. *See Iqbal*, 556 U.S. at 679, 682. The complaint alleges that Tesla "failed to provide accessible service counters," that Whitaker "personally encountered" the inaccessible service counters, and that he was denied "full and equal access." These allegations do little more than recite the elements of an ADA claim, and fall short of putting Tesla on notice of how the counters prevented Whitaker from full and equal access to the Tesla facility. The complaint failed to answer basic questions: Were the service counters too low? Or too high? Were they positioned in an area that was inaccessible for another reason? Without this sort of factual detail, the district court and Tesla were left in the dark about how the service counters denied Whitaker from full and equal enjoyment of the premises.

Whitaker argues that civil rights litigants are entitled to more lenient treatment. In support of this argument, he cites our decision in *Doran v. 7-Eleven, Inc.*, 524 F.3d 1034,

1039–40 (9th Cir. 2008). *See also Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 209 (1972). But *Doran* noted the Supreme Court's instruction to "take a broad view of *constitutional standing* in civil rights cases;" the case did not address sufficiency of pleadings for purposes of surviving a motion to dismiss pursuant to Rule 12(b)(6), 524 F.3d at 1039–40 (emphasis added), and we have never held that civil rights litigants are exempt from satisfying the pleading standard demanded by *Iqbal* and *Twombly*. To the contrary, we expressly recognized in *Starr* that it is not sufficient for a pleading to "simply recite the elements of a cause of action." 652 F.3d at 1216. *Starr* explained that complaints must "plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* (observing these requirements are common to all pleadings).

Whitaker separately argues that he is entitled to rely on discovery to fill in the gaps left by his complaint's general allegations, and he urges us to rule that relying on discovery to flesh out the contours of a plaintiff's claims is preferable as a matter of policy. Whitaker also predicts that if ADA complaints are required to detail every barrier the plaintiff encountered, defendants will remedy only the specific infractions identified and their establishments will not be brought into overall compliance with the ADA. This argument fails because the Supreme Court has been clear that discovery cannot cure a facially insufficient pleading. *Iqbal* specifically cautioned that "Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions," *Iqbal*, 556 U.S. at 678–79, and *Twombly* went further, observing "[i]t is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless,

be weeded out early in the discovery process through careful case management . . . ,"  550 U.S. at 559 (internal quotation marks and citation omitted)).  Our case law does not permit plaintiffs to rely on anticipated discovery to satisfy Rules 8 and 12(b)(6); rather, pleadings must assert well-pleaded factual allegations to advance to discovery.  *Id.*

Whitaker also argues that requiring ADA plaintiffs to provide factual support for general allegations of inaccessibility will allow defendants to "pick off" disabled plaintiffs' claims by remedying the barriers identified in their complaints and rendering their claims moot.  He points to *Duarte v. M&L Bros. Pharmacy Inc.*, No. 2:14-0029, 2014 WL 5663921, at *1 (Nov. 4, 2014), as an example of this outcome.  There, the plaintiff alleged that the defendant's parking lot contained improper signage, striping, and an inadequate number of handicap-accessible parking spaces. *Id.* at *1.   The defendant repaired these barriers approximately seven months after the complaint was filed and moved for summary judgment two months after that.  *Id.* Duarte argued the parking lot still contained an inadequate slope, but the district court granted summary judgment in favor of the defendant because Duarte did not allege the defective slope in his complaint and it was too late to amend. *Id.* at *3.  Contrary to Whitaker's argument, *Duarte* does not show that requiring compliance with *Iqbal* and *Twombly* will allow defendants to unfairly moot ADA claims.   First, defendants should be encouraged to remove barriers from their establishments.  This is an important objective of the ADA.  Second, it appears the plaintiff in *Duarte* could have avoided dismissal by conducting discovery sometime in the nine months that passed before the summary judgment motion was filed, identifying other barriers within the defendant's facility, and amending his complaint.  *Id.*; *see*

*Doran*, 524 F.3d at 1043 (affirming ADA plaintiff's standing and ability to conduct discovery into additional barriers at defendant's facility once he pleaded one valid claim, because the first barrier deterred him from returning). We conclude the district court correctly held Whitaker to the pleading standard articulated by the Supreme Court in *Iqbal* and *Twombly*.

IV

Tesla did not specifically challenge Whitaker's standing to bring his ADA claim, but we consider that issue sua sponte to address confusion apparent from the parties' briefing. *See D'Lil v. Best W. Encina Lodge & Suites*, 538 F.3d 1031, 1035 (9th Cir. 2008) (observing "that whether or not the parties raise the issue, '[f]ederal courts are required sua sponte to examine jurisdictional issues such as standing'" (quoting *Bernhardt v. County of Los Angeles*, 279 F.3d 862, 868 (9th Cir. 2001))).

On appeal, Whitaker leans heavily on *Skaff v. Meridien*, 506 F.3d 832 (9th Cir. 2007), a case addressing standing pursuant to Rule 12(b)(1), not compliance with the pleading requirements of Rule 8 or survival of a motion to dismiss filed pursuant to Rule 12(b)(6). Whitaker cites *Skaff* as support for his argument that, to survive a Rule 12(b)(6) motion, it is sufficient for a complaint to recite the elements of an ADA claim: (1) the plaintiff is disabled; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) barriers affecting plaintiff's disability within defendant's place of accommodation barred the plaintiff from full enjoyment of the facility. *See Arizona ex rel. Goddard v. Harkins Amusement Enters., Inc.*, 603 F.3d 666, 670 (9th Cir. 2010).

A careful reading of *Skaff* shows that it does not support Whitaker's position. Skaff was mistakenly assigned to a hotel room that lacked necessary accommodations. *Skaff*, 506 F.3d at 836. The parties settled Skaff's ADA claims but submitted the issue of attorney's fees to the district court for resolution. *Id.* at 836–37. The court concluded that it lacked jurisdiction in light of Skaff's failure to allege a cognizable injury-in-fact and it declined to award any fees. *Id*. On appeal, the *Skaff* panel agreed the delays plaintiff encountered while waiting to be assigned to an accessible hotel room were too "trifling" to establish standing, but we vacated the district court's order denying attorney's fees because other allegations within the complaint sufficiently informed the defendant that Skaff had personally encountered additional barriers, establishing his standing to seek injunctive relief. *Id.* at 840–41. *Skaff* observed that as long as a complaint satisfies Rule 8, general allegations may be cured in discovery: "when notice of a claim is given *that satisfies Rule 8*, concerns about specificity in a complaint are properly addressed through discovery . . . . Accordingly, . . . there is no sound basis on which to override our normal standing and notice pleading requirements in a quest for more specificity." *Id.* at 842 (emphasis added).

Whitaker treats *Skaff*'s discussion of Rule 8's pleading standard as a holding, and he argues that district courts have inconsistently applied what he perceives to be the rule from *Skaff*. We see no reason for confusion. First, as explained, the issue in *Skaff* was standing, not the standard for pleading a claim upon which relief can be granted. Second, *Skaff* predates *Iqbal* and cites a notice pleading standard that *Iqbal* and *Twombly* rejected. *Id.* at 841–42; s*ee Chapman*, 631 F.3d at 955 & n.9; *see also* Alexander A. Reinert, Measuring the Impact of Plausibility Pleading, 101 VA. L. REV. 2117, 2125

(2015) ("As a doctrinal matter, there is little question that *Iqbal* and *Twombly* mark a change in pleading requirements."). *Iqbal* and *Twombly* set the bar for assessing compliance with Rule 8's requirement.

Our en banc decision in *Chapman* describes in detail the standard for pleading standing to pursue an ADA claim. 631 F.3d at 954; *see also Oliver v. Ralphs Grocery Co.*, 654 F.3d 903, 907 (9th Cir. 2011) (reaffirming *Chapman* as the governing standard). Chapman alleged that he was physically disabled, that he visited defendant's premises, and that he encountered barriers that denied him equal access. We held that his complaint failed to adequately allege standing because "he never alleges what those barriers were and how his disability was affected by them so as to deny him the 'full and equal' access that would satisfy the injury-in-fact requirement." *Chapman*, 631 F.3d at 954. The facts of *Chapman* provide critical context for the reasons the complaint was dismissed for lack of jurisdiction. *Id.* at 955. Rather than identifying a barrier, Chapman attached an accessibility survey to his complaint that identified multiple ADA barriers that he claimed "denied him access to the Store, *or* which he [sought] to remove on behalf of others under related state statutes." *Id.* at 954 (emphasis in original). The survey did not connect the barriers to Chapman's disability or indicate which barrier or barriers he had personally encountered. *Id.* at 955.

Here, Whitaker's complaint alleges that he uses a wheelchair for mobility, that he visited the defendant's premises, that he personally encountered a barrier related to his disability—inaccessible service counters—and that the barrier deters him from returning. These allegations are sufficient to establish injury-in-fact for purposes of standing.

*See Chapman*, 631 F.3d at 954.  Whitaker's identification of a specific barrier distinguishes his complaint from *Chapman*, and contrary to Whitaker's argument, nothing in the opinion we issue today varies from the Supreme Court's instruction to take a "broad view" of standing in civil rights complaints. *See Chapman*, 631 F.3d at 954; *Trafficante*, 409 U.S. at 209.

**AFFIRMED.**